**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**CHAD JONES,**

   *Plaintiff,*

**v.**                                                    **Case No.  SA-25-CV-00361-JKP**

**FROST BANK, ERIK JACKSON, PHIL**
**GREEN, ANNETTE ALONZO,**

   *Defendants.*

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' (collectively, the Frost Defendants) Motion to Dismiss the statutory employment discrimination causes of action. *ECF Nos. 44,51*. Plaintiff Chad Jones responded. *ECF No. 50*. Upon consideration, the Motion to Dismiss is **GRANTED**. This matter is **ADMINISTRATIVELY CLOSED** pending arbitration of other causes of action.

### Factual Background

Plaintiff Chad Jones filed this suit on April 4, 2025, alleging various causes of action and theories of relief. *ECF No. 1*. On January 23, 2026, the Court granted the Frost Defendants' Motion to Compel Arbitration in part, and compelled arbitration on all of "Plaintiff's claims that are not statutory discrimination claims." *ECF Nos. 16,40*. As a result, Jones's only remaining causes of action are for employment discrimination based on race, age, and gender in violation of Title VII, the ADEA, and the TCHRA (including for alleged discrimination under Tex. Lab. Code § 21.051 and alleged retaliation under Tex. Lab. Code § 21.055). *See id*.; *see also Amended Complaint, ECF No. 48*.

The Frost Defendants now file this Motion to Dismiss these remaining statutory causes of action because Jones failed to exhaust administrative remedies.

**Legal Standard**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id*. When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

**Discussion**

**Failure to Exhaust Administrative Remedies**

Title VII provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve such disputes. 42 U.S.C. § 2000e-5(f). Before seeking judicial relief, however, Title VII plaintiffs must exhaust their administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity

3

Commission (EEOC). 42 U.S.C. § 2000e-5(e)(1). Failure to exhaust administrative remedies through the EEOC on a Title VII claim is not a jurisdictional bar to suit, but rather a prudential prerequisite to suit. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303-06 (5th Cir. 2018), aff'd, 587 U.S. 541 (2019).[1]

This exhaustion requirement exists to facilitate the EEOC's "investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012). The administrative exhaustion requirement also applies to causes of action under the ADEA and ADA. *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378-79 (5th Cir. 2019); *Stancu v. Hyatt Corp./Hyatt Regency Dallas*, 3:20-CV-864, 2021 WL 495883, at *6 (N.D. Tex. Jan. 26, 2021), report and recommendation adopted, 2021 WL 487756 (N.D. Tex. Feb. 10, 2021). Under this characterization, failure-to-exhaust is an affirmative defense that should be pleaded. *Davis v. Fort Bend Cnty.*, 893 F.3d at 307.

1. **Consideration of Documents Attached to Amended Complaint and Motion to Dismiss**

As discussed, this Court must examine the Motion to Dismiss to determine "whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see Frith*, 9 F.Supp.2d 734, 737–38. The Court's review is limited to the Complaint, any documents attached to and referenced within the Complaint, and any documents attached to the Motion to Dismiss that are central to the claim and referenced by the Complaint. *Id*.

"Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *Jones v. Bock*,

---

[1] As a "prudential prerequisite to suit", under the Fifth Circuit rule of orderliness, cases holding that administrative exhaustion is a jurisdictional requirement do not control. *Id*. at 305-307; 42 U.S.C.A. §§ 2000e-5(e)(1), 2000e-5(f).

549 U.S. 199, 215 (2007); *Taylor v. Lear Corp.*, No. 3:16-cv-3341, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017); *Stancu*, 2021 WL 495883, at *6. By attaching the EEOC administrative documents to the Complaint, a plaintiff makes those documents part of the Complaint, and the grounds for the affirmative defense appear on the face of the Complaint. *See* Fed. R. Civ. P. 10(c); *see also Stancu*, 2021 WL 495883, at *6.

Jones attached what he characterizes as the EEOC Charge and other related supplemental evidence to the Amended Complaint. *See ECF No. 48,49*. The Frost Defendants asserted the affirmative defense of failure to exhaust administrative remedies in a previously-filed Answer. *ECF No. 17, p, 6*. In addition, the Frost Defendants raised the issue whether Jones failed to exhaust administrative remedies on his Title VII, Texas Labor Code, ADEA, and ADA causes of action in its first response to the live pleading, this Motion to Dismiss.

For this reason, the issue is properly before the Court and will be considered an affirmative defense. *See Stancu*, 2021 WL 495883, at *6. This Court will examine the substantive merits of the issue whether Jones exhausted administrative remedies as a prudential prerequisite to filing suit on these causes of action in this Motion to Dismiss pursuant to Federal Rule 12(b)(6).

### 2. Substantive Merits of Exhaustion-of-Administrative-Remedies Argument

To comply with the exhaustion-of-administrative-remedies prerequisite a plaintiff must file "'a timely charge with the EEOC [], or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice.'" *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); 42 U.S.C. § 2000e-5(e)(1)). Following receipt of the prerequisite "Right to Sue" letter, the plaintiff must file suit within the time permitted. *Id*. A pre-charge inquiry form filed with the EEOC does not constitute a "Charge of discrimination" and does not independently satisfy EEOC regulations as a charge document. *Ernst v. Methodist Hosp. Sys.*, 1

F.4th 333, 338–39 (5th Cir. 2021); *Eubanks v. Veolia Water N. Am. Operating Servs., LLC*, No. 3:21-CV-357, 2021 WL 4344889, at *3 (S.D. Miss. Sept. 23, 2021); ; *McLeod v. Floor & Decor Outlets of Am., Inc.*, No. 3:20-CV-03134, 2021 WL 2515750, at *2 (N.D. Tex. June 18, 2021); 29 C.F.R. §§ 1601.12(a), 1601.3, 1601.9.

In the Amended Complaint filed on March 3, 2026, Jones attests he "filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation by Defendant"; "The EEOC assigned Charge no. 451-2025-05307 to the matter"; "The EEOC has acknowledged receipt of the charge and opened an investigation," and; he "therefore initiated the administrative process required under federal law." *ECF No. 48, p. 2*. Jones filed supplemental material with the Amended Complaint which he titles, "Notice of EEOC Charge Filing." Jones attaches as an exhibit to this "Notice" a copy of an email he received from the EEOC dated March 2, 2026, which acknowledges receipt of Jones's EEOC Charge filed "recently." *ECF No. 49*.

In his Response to the Motion to Dismiss, Jones admits he filed "an inquiry" with the EEOC in July 2025. *ECF No. 47*. Further, "[o]n November 7, 2025, during government closure/shutdown uncertainty, EEOC emailed: 'We are unsure if the government will open or remain closed... to preserve your right to file a timely charge with EEOC ...' and provided Form 5A instructions and a method to return the form. (Ex. 4)." Jones attests "On February 25, 2026, EEOC advised that once the charge is processed, 'the case will be closed, dismissed, and a Notice of Right to Sue will be issued' and Plaintiff will have 90 days from the Notice date. (Ex. 5)." *ECF No. 47*.

By Jones's admissions and evidence presented, and the evidence presented by the Frost Defendants, Jones clearly failed to exhaust his administrative remedies prior to filing suit. Jones

admits he filed the EEOC inquiry in July 2025, after filing this suit on April 4, 2025, and he filed the EEOC Charge during the pendency of this litigation. Based upon these attestations and evidence presented, Jones has not received a "Notice of Right to Sue" letter from the EEOC.

Consequently, the record presented and Jones's admissions make clear, Jones has not yet received a "Right to Sue Letter," and he otherwise failed to exhaust his administrative remedies under Title VII, the ADEA, and the TCHRA. For this reason, Jones's employment-related discrimination and retaliation causes of action must be dismissed for failure to satisfy the prerequisite to filing suit.

### Conclusion

For the reasons stated, the Court **GRANTS** the Frost Defendants' Motion to Dismiss filed pursuant to Federal Rule 12(b)(6). This Court dismisses with prejudice all employment-related discrimination and retaliation causes of action filed under Title VII, the ADA, the ADEA, and the TCHRA.

All other pending motions are **DISMISSED AS MOOT**. The Clerk of Court is DIRECTED to terminate all pending motions.

Because certain causes of action included in the Original Complaint are in arbitration proceedings, this matter is **ADMINISTRATIVELY CLOSED**. *See* Fed. R. Civ. P. 41; *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). The matter is returned to the assigned Magistrate Judge for monitoring during arbitration. If further proceedings become necessary or desirable, any party may initiate such further proceedings by moving to reopen the case. The Court may initiate further proceedings as warranted.

7

It is so ORDERED.
SIGNED this 18th day of May, 2026.


JASON  PULLIAM
UNITED STATES DISTRICT JUDGE